1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    INEZ TITO LUGO,                          No.  2:11-cv-00317 MCE JFM P

12                    Plaintiff,

13         v.                                   ORDER

14    JOSEPH BICK, et al.,

15                    Defendants.

16

17         Pending before this court is plaintiff's August 26, 2013, motion to appoint counsel.  ECF

18    No. 53.  On September 12, 2013, defendants opposed plaintiff's motion.  ECF No. 56.  Plaintiff

19    did not file a reply thereto.

20         Plaintiff, who is proceeding in forma pauperis, seeks appointment of counsel on the

21    grounds that he is indigent, he is unable to work due to his medical condition, he has exercised

22    reasonable diligence in attempting to obtain assistance of counsel, the issues in his case are

23    complex, and he lacks legal knowledge to litigate this case.

24         Although plaintiff's request is understandable under the circumstances, the Constitution

25    provides no right to appointment of counsel in a civil case[1] unless an indigent litigant may lose

26
    _____
27    [1] The court notes that when plaintiff initiated this action on February 3, 2011, he was a state
    prisoner housed at California Medical Facility in Vacaville, California.  ECF No. 1.  In or around
    June 2012, plaintiff was found suitable for parole and granted release.  See ECF Nos. 26, 33.
28    Thus, plaintiff is no longer a state prisoner.

                                              1

1   his physical liberty if he loses the litigation.  Lassiter v. Dept. of Social Services, 452 U.S. 18, 25

2   (1981).  In addition, pursuant to 28 U.S.C. § 1915(e)(1), a court "may request an attorney to

3   represent any person unable to afford counsel," but will do so only on a showing of "exceptional

4   circumstances."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); accord Terrell v. Brewer,

5   935 F.2d 1015, 1017 (9th Cir. 1991).  "When determining whether 'exceptional circumstances'

6   exist, a court must consider the likelihood of success on the merits as well as the ability of the

7   petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."

8   Palmer, 560 F.3d at 970.  "Neither of these considerations is dispositive and instead must be

9   viewed together."  Id.

10      Here, plaintiff's prior motion for appointment of counsel was denied, ECF No. 19, and

11  plaintiff has not shown sufficient grounds to warrant a departure from that earlier decision.

12  Plaintiff is not facing a loss of liberty, so Lassiter is inapplicable.  In addition, because the

13  pleadings have not yet been resolved, the court remains unable to make a determination that

14  plaintiff is likely to succeed on the merits of his Eighth Amendment claim for deliberate

15  indifference to his serious medical needs.[2]  Lastly, on the record before the court, plaintiff's claim

16  is not unusually complex, and plaintiff has thus far been able to articulate his claim pro se in court

17  filings.  Therefore, the undersigned will deny plaintiff's request for the appointment of counsel.

18      Accordingly, IT IS HEREBY ORDERED that plaintiff's August 26, 2013, motion for

19  appointment of counsel (ECF No. 53) is denied without prejudice.

20  Dated:  November 5, 2013

21                                                  _____

22                                                  CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE

23

24  lugo0317.counsel

25

26

27  _____
    [2] The court notes that defendants recently filed a motion for summary judgment on August 22,
    2013.  ECF No. 49.  In September, this court granted plaintiff a forty-five day extension of time
28  to reply to defendants' motion.  See ECF No. 59.  Therefore, the matter is not yet submitted for
    decision.