UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INEZ TITO LUGO, | No. 2:11-cv-00317 MCE JFM P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| JOSEPH BICK, et al., | |
| Defendants. | |

Pending before this court is plaintiff's August 26, 2013, motion to appoint counsel.  ECF No. 53.  On September 12, 2013, defendants opposed plaintiff's motion.  ECF No. 56.  Plaintiff did not file a reply thereto.

Plaintiff, who is proceeding in forma pauperis, seeks appointment of counsel on the grounds that he is indigent, he is unable to work due to his medical condition, he has exercised reasonable diligence in attempting to obtain assistance of counsel, the issues in his case are complex, and he lacks legal knowledge to litigate this case.

Although plaintiff's request is understandable under the circumstances, the Constitution provides no right to appointment of counsel in a civil case[1] unless an indigent litigant may lose

---

[1] The court notes that when plaintiff initiated this action on February 3, 2011, he was a state prisoner housed at California Medical Facility in Vacaville, California.  ECF No. 1.  In or around June 2012, plaintiff was found suitable for parole and granted release.  <u>See</u> ECF Nos. 26, 33.  Thus, plaintiff is no longer a state prisoner.

his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). In addition, pursuant to 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel," but will do so only on a showing of "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Palmer, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." Id.

   Here, plaintiff's prior motion for appointment of counsel was denied, ECF No. 19, and plaintiff has not shown sufficient grounds to warrant a departure from that earlier decision. Plaintiff is not facing a loss of liberty, so Lassiter is inapplicable. In addition, because the pleadings have not yet been resolved, the court remains unable to make a determination that plaintiff is likely to succeed on the merits of his Eighth Amendment claim for deliberate indifference to his serious medical needs.[2] Lastly, on the record before the court, plaintiff's claim is not unusually complex, and plaintiff has thus far been able to articulate his claim pro se in court filings. Therefore, the undersigned will deny plaintiff's request for the appointment of counsel.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's August 26, 2013, motion for appointment of counsel (ECF No. 53) is denied without prejudice.

Dated: November 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lugo0317.counsel

---

[2] The court notes that defendants recently filed a motion for summary judgment on August 22, 2013. ECF No. 49. In September, this court granted plaintiff a forty-five day extension of time to reply to defendants' motion. See ECF No. 59. Therefore, the matter is not yet submitted for decision.