UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INEZ TITO LUGO, | No. 2:11-cv-00317 MCE CKD (PC) |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH BICK, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed February 1, 2011.[1] ECF No. 34. Plaintiff's complaint asserts that defendants have violated his Eighth Amendment rights by failing to provide adequate and appropriate medical care for his serious medical needs related to Hepatitis-C. Presently pending before the court is plaintiff's May 30, 2013 motion to compel responses to interrogatories. ECF No. 46. For the reasons discussed below, plaintiff's motion to compel will be denied.

/////

/////

/////

---

[1] Where applicable, the dates used for plaintiff's filings are determined pursuant to the prisoner mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

I.	Background

On June 17, 2011, defendants answered plaintiff's complaint. ECF No. 11. The court issued a scheduling order on June 24, 2011, directing the parties to conduct discovery until October 14, 2011, and to file any motions to compel discovery by that date. ECF No. 12. On October 4, 2011, the court continued the discovery deadline to January 26, 2012. ECF No. 15.

On January 19, 2012, plaintiff filed a motion for a ninety-day extension of time to complete discovery. ECF No. 25. Defendants opposed plaintiff's motion on January 27, 2012. ECF No. 28. On January 23, 2012, plaintiff filed a motion to stay this action because he was found suitable for parole and anticipated being released in June 2012. ECF No. 26. Defendants filed a statement of non-opposition to plaintiff's motion to stay on January 25, 2012. ECF No. 27. On January 26, 2012, plaintiff filed a motion to compel responses to interrogatories served on August 2, 2011. ECF No. 29. Defendants filed an opposition thereto on February 16, 2012. ECF No. 30.

On February 27, 2012, the court issued an order and findings and recommendations in which it recommended granting plaintiff's motion to stay. ECF No. 31. In light of the recommendation to stay the proceedings, the court denied without prejudice plaintiff's motion to compel and motion to extend the discovery deadline. Id. The findings and recommendations were adopted on March 29, 2012, and this action was stayed pending plaintiff's release on parole. ECF No. 32. Pursuant to plaintiff's motion, the stay was extended until October 8, 2012. ECF No. 35.

On October 4, 2012, plaintiff filed a motion to lift the stay and requested the court to "provide a scheduled date as to when he must submit another motion to compel." ECF No. 36. On January 8, 2013, defendants filed a similar motion to lift the stay and to issue a scheduling order. ECF No. 37. On January 18, 2013, the court issued findings and recommendations recommending that the parties' motions to lift the stay be granted. ECF No. 39. The findings and recommendations were adopted in full on February 14, 2013. ECF No. 40.

On February 27, 2013, the court issued an amended discovery and scheduling order. ECF No. 42. In the order, the court stated that "[i]n light of the fact that petitioner sought a stay in this

matter while discovery was ongoing, the parties shall be given further time to conduct discovery and plaintiff shall again be given the instructions he received when the initial discovery and scheduling order in this case was issued." Id. The parties were given until May 22, 2013 to conduct discovery and file any motions necessary to compel discovery. Id. On April 17, 2013, the court extended the discovery deadline to June 1, 2013, pursuant to plaintiff's unopposed motion for extension of time. ECF No. 45. On May 30, 2013, plaintiff filed a motion to compel responses to interrogatories propounded on March 24, 2013. ECF No. 46. Defendants filed an opposition thereto on June 20, 2013 (ECF No. 47), and plaintiff filed a reply on June 30, 2013 (ECF No. 48). For the reasons discussed below, plaintiff's May 30, 2013 motion to compel is denied.

II.     Discussion

Plaintiff moves, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling defendants to respond to plaintiff's interrogatories served on March 24, 2013. ECF No. 46. In their opposition, defendants argue that plaintiff has exceeded the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. ECF No. 47. Defendants aver that plaintiff's first two sets of interrogatories, propounded on August 2, 2011 and November 19, 2011, exceed 25 interrogatories for each defendant. Id. at 2.

In his reply, plaintiff does not deny that he propounded two prior sets of interrogatories, or that they exceed 25 interrogatories per defendant. Plaintiff contends that his second set of interrogatories, propounded on November 19, 2011, contained "re-worded" versions of the first set and included definitions. ECF No. 48 at 2. Notwithstanding plaintiff's explanation, plaintiff's motion and subsequent reply focus primarily on his belief that the court's denial without prejudice of his January 26, 2012 motion to compel and subsequent stay of this action rendered all prior interrogatories "nullified." ECF No. 46 at 3. In other words, plaintiff presumed discovery started over again when the court lifted the stay on February 14, 2013; and that he was permitted to propound 25 interrogatories from that date because "no other interrogatories" were in effect. ECF No. 48 at 4.

/////

As a threshold matter, the court will address plaintiff's argument that discovery started over when the court lifted the stay on February 14, 2013. As noted above, plaintiff argues that when the court denied without prejudice his January 2012 motion to compel, the interrogatories pertaining to that motion were "nullified." ECF No. 46 at 3. Plaintiff argues that when the court issued an amended discovery and scheduling order on February 27, 2013, this constituted "new discovery" and the "old and denied interrogatories [had] no purpose." ECF No. 48 at 4.

The court stayed this action on March 29, 2012. ECF No. 32. During the stay, the parties were not required to respond to any existing discovery requests, and were to refrain from serving further discovery requests until the stay was lifted. In other words, the parties were precluded from conducting discovery while the stay was in effect. However, discovery did not start over when the stay lifted – it essentially picked up where it left off. That is, any outstanding discovery requests or disputes, including plaintiff's January 2012 motion to compel, should have been responded to or re-noticed as appropriate. Nothing in the court's orders staying the action, lifting the stay, and extending the discovery deadlines indicates a deviation from this standard. In fact, the court's February 27, 2013 order amending the discovery deadline specifically noted that the action was stayed while "discovery was ongoing," meaning in the middle of the discovery period, and provided the parties "further time to conduct discovery." ECF No. 42 at 1-2. Plaintiff misinterpreted the court's order as resetting the entire discovery period anew. This is simply not the case. Rather, the court's order extended the discovery deadline to provide the parties additional time to conduct and finish their discovery efforts. Thus, plaintiff's first two sets of interrogatories, propounded in August 2011 and November 2011, are relevant to this matter.

With regard to defendants' argument that plaintiff has exceeded the number of interrogatories permitted under Rule 33(a)(1), the court finds this argument has merit and will therefore deny plaintiff's motion to compel.

Plaintiff's first set of interrogatories, propounded on August 2, 2011, were contention interrogatories asking defendants to state all facts pertaining to their responses to concurrently-

/////

/////

served requests for admissions if the response was "not an unqualified admission."[2]  ECF No. 29 at 33-134.  While defendants responded to plaintiff's request for admissions and interrogatories, see ECF No. 30, plaintiff was dissatisfied with the responses and subsequently filed his January 2012 motion to compel.  Prior to filing his January 2012 motion to compel, plaintiff propounded a second set of interrogatories on November 19, 2011.[3]  See Stringer Decl. ¶ 4.  Plaintiff did not file a motion to compel responses to his November 2011 interrogatories, which suggests plaintiff was satisfied with defendants' responses thereto.

Plaintiff's January 26, 2012 motion to compel was denied without prejudice because this action was stayed pending plaintiff's release on parole.  See ECF No. 31.  Because this motion was denied without prejudice, plaintiff could have re-noticed or re-filed it once the stay was lifted.  Plaintiff failed to do so.  According to the court's amended scheduling order and order granting extension of time, all motions necessary to compel discovery, which included plaintiff's re-noticed motion to compel, were to be filed by June 1, 2013.  See ECF Nos. 42, 45.  While plaintiff was granted an extension of time to complete discovery, at no time prior to the discovery cut-off did plaintiff re-notice his January 26, 2012 motion to compel, and it was never addressed by the court on the merits.  In light of the fact that plaintiff was merely dissatisfied with defendants' responses to his August 2011 contention interrogatories, and plaintiff did not file a motion to compel responses to his November 2011 interrogatories, plaintiff's first and second sets of interrogatories, and defendants' responses thereto, must now stand as the discovery period has ended.

Rule 33 of the Federal Rules of Civil Procedure expressly limits a party to serve another party with only 25 interrogatories, including all discrete subparts, unless the parties agree or the court permits service of additional interrogatories.  See Fed. R. Civ. P. 33(a)(1).  Here, there is no indication that the court issued an order expanding the Rule 33 limits on interrogatories.  There is

---

[2] In his August 2011 interrogatories, plaintiff propounded the following number of contention interrogatories on each defendant: Bick, 14; Andreasen, 14; Aguilera, 14; Mehta, 15; Haile, 15; Parks, 18; Saukhla, 15; Kotarek, 20; and Walker, 21.  ECF No. 29 at 33-134.

[3] Plaintiff propounded thirteen interrogatories on each defendant in his November 2011 interrogatories.  Stringer Decl. ¶ 4.

5

also no indication that the court intended to disregard the parties' previous discovery efforts that occurred prior to the stay being issued on March 29, 2012. Finally, the parties did not stipulate to extend the limits on interrogatories.

Prior to plaintiff's third set of interrogatories, propounded on March 24, 2013, plaintiff propounded the following total number of interrogatories on each defendant: Aguilera, 27; Andreasen, 27; Bick, 27; Haile, 28; Kotarek, 33; Mehta, 28; Parks, 31; Saukhla, 28; and Walker, 34. Stringer Decl. ¶ 4. As discussed above, plaintiff does not dispute that he previously propounded more than 25 interrogatories for each defendant. Considering plaintiff's prior two sets of interrogatories, his failure to re-notice his January 2012 motion to compel, and his failure to seek leave to propound more than 25 interrogatories, the court finds that plaintiff's interrogatories propounded on March 24, 2013 exceed the number of written interrogatories permitted by Rule 33(a)(1). Therefore, plaintiff's motion to compel will be denied.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 30, 2013 motion to compel (ECF No. 46) is denied.

Dated: January 14, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lugo0317.mtc

6